UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,

           Plaintiff,                      No. 17-11196

v.                                District Judge Mark A. Goldsmith
                                Magistrate Judge R. Steven Whalen

SURJIT DINSA, ET AL.,

           Defendants.

_____/

**REPORT AND RECOMMENDATION**

      On April 14, 2017, Plaintiff Morris Weatherspoon, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Eighth and Fourth Amendments, as well as a First Amendment retaliation claim. His principal complaint centers on the allegation that he was forcibly given anti-psychotic medications. Before the Court is Defendants' motion for summary judgment [Doc. #42], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

# I.   FACTS

Plaintiff alleges that on June 18, 2013, Defendants McGuire, Brown, and Okete forcibly injected him with Haldol, an anti-psychotic medication.  He alleges that he was not mentally ill, and that he suffered side effects from the medication.  *Complaint* [Doc. #1], ¶ 26.  He also appears to claim that he was forcibly medicated with Haldol on that date because he was a black Shiite Muslim, and that the medication was given in retaliation for his having "raised the truth" about his lack of mental illness.  *Id*. ¶ 27. Plaintiff states that on June 18, 2013, Defendants Dinsa, Kornowski, Collier, Stanifer, Holman, Spirko, Delano, Kline, Stamman, Chamberlain, Klee, King, Wallerstein, and Pomeroy refused to protect him against the forcibly administration of Haldol.  He concedes that on June 18, 2013, the Defendants "evaluated, examined, and assessed [him] in the treatment team room."  *Id*. ¶ 28.  Plaintiff alleges that he was also falsely accused of wielding an eight-inch knife.  *Id.*

Plaintiff also alleges that on June 18, 2013, the date that Haldol was administered, these Defendants retaliated against him because he complained that previous doctors gave a false diagnosis of mental illness, and that these Defendants knew that the diagnosis was a sham.  *Id*. ¶ 29.

Plaintiff alleges that on June 20, 2013, Defendant King agreed to a plan to administer other "mind altering drugs" (Amadine and Congentol) and failed to "report the torture" to the prison ombudsman and the Michigan State Police.  *Id*. ¶ 30.  He alleges

that on July 2, 2013, the Defendants again forcibly administered anti-psychotic drugs based on a false and fabricated diagnosis of mental illness. *Id*. ¶¶ 32-33. Plaintiff states that on July 15, 2013, he was summoned for a 30-day review with Defendants Dinsa, Kornowski, Collier, Stanifer, Holman, Sparko, Delano, Kline, and Chamberlain. At that time, Plaintiff requested termination of all mental health treatment, including medications, until these treatment team Defendants considered and reviewed the misconduct report regarding possession of the knife. *Id*. ¶ 34. He states that on July 16, 2013, Defendants Dinsa and Kornowski cancelled the scheduled Haldol injection and discharged him from the mental health program. *Id*. ¶ 35. However, he states that Dinsa formally discharged him from the mental health program on August 1, 2013. *Id*. ¶ 38.

Plaintiff alleges that on August 9, 2013, Defendants Collier and Kornowski conspired to fabricate his mental health records in order to cover up the deliberate indifference and retaliation committed by the other Defendants. *Id*. ¶ 40.

Unrelated to the mental health issues, Plaintiff alleges that on June 24, 2013, Defendants Potts and Conrad withheld "routine, urgent and emergent dental care." *Id*. ¶ 31.

This is Plaintiff's second complaint against certain Defendants arising out of his claim that he was improperly treated with anti-psychotic medication and denied dental care. In his previous case, *Weatherspoon v. Dinsa, et al.*, E.D. Mich. No. 14-12756, Defendants Dinsa, Kornowski, McGuire, Potts, and Conrad were dismissed without

prejudice based on Plaintiff's failure to exhaust his administrative remedies before filing his complaint. *Id.*, Doc. #59. Defendant Jindal (who is not named in the present complaint) was dismissed with prejudice. *Id.* Doc. #125.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added).  If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III.   DISCUSSION

Defendants seek summary judgment on the basis that Plaintiff's claims against these Defendants are barred by the statute of limitations.

The statute of limitations in a claim under 42 U.S.C. § 1983 is derived from a state's statute of limitations for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 397 (2007).  In Michigan, the three-year statute of limitations found in M.C.L. § 600.5805(1) governs § 1983 claims in this state. *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). The limitations period runs from when the Plaintiff knows or has reason to know that the act giving rise to the claim has occurred. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

The statute of limitations is an affirmative defense, and a plaintiff asserting this

defense has the initial burden of showing (1) that the statute has run, and (2) that there is no genuine issue of material fact exists as to when plaintiff's cause of action accrued. *Campbell v. Grand Trunk W. R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). Once a defendant has made that showing, the burden shifts to the plaintiff to establish an exception to the statute of limitations. *Id*.

The first event the Plaintiff asserts in his complaint occurred on June 18, 2013, when he claims that he was involuntary injected with Haldol. He claims that he was again subjected to involuntary medication on July 2, 2013. Giving Plaintiff's complaint a liberal reading, he attributes both of these incidents to Defendants McGuire, Brown, Okete, Dinsa, Kornowski, Collier, Stanifer, Holman, Spirko, Delano, Kline, Stamman, Chamberlain, Klee, King, Wallerstein, and Pomeroy. According to the complaint, the last Haldol injection occurred on July 2, 2013, and Plaintiff was discharged from the mental health program on August 1, 2013. Therefore, the last act giving rise to his claim of involuntary medication occurred on July 2, 2013, or at the latest on July 16, 2013, when injections were cancelled.

Plaintiff claims that on August 9, 2013, Defendants Collier and Kornowski conspired to fabricate his mental health records. He claims that on June 24, 2013, Defendants Potts and Conrad denied him necessary dental care. Thus, the last acts giving rise to the claims against Collier and Kornowski occurred on August 9, 2013, and the last act giving rise to the claims against Potts and Conrad occurred on June 24, 2013.

-6-

Therefore, the accrual dates for the statute of limitation are clearly alleged in

Plaintiff's own complaint, the latest accrual date being August 9, 2013. In addition, the

complaint in this case was filed on April 14, 2017, well beyond the time the statute of

limitations expired on August 9, 2016.  Because there is no dispute as to the accrual dates

or the fact that the statute has run (absent any tolling), Defendants have met their initial

burden of establishing the affirmative defense that this action is time-barred.  The burden

then shifts to the Plaintiff to show an exception to the statute of limitations, such as

tolling.  *Campbell*, at 775.

Based on Plaintiff's own allegations, absent any tolling, the three-year statute of

limitations against these Defendants expired on the following dates:

-McGuire, Brown, Okete,  Dinsa, Stanifer, Holman, Spirko, Delano, Kline,

Stamman, Chamberlain, Klee, King, Wallerstein, and Pomeroy: <u>July 2, 2016 or July 16,</u>
<u>2016</u>.

-Potts and Conrad: <u>June 24, 2016</u>.

-Collier and Kornowski: <u>August 9, 2016</u>.

There are only two arguable bases on which the statute of limitations might be

tolled: (1) the time during which Plaintiff's first case was pending in this Court, and (2)

the time during which his administrative grievances were pending.

Under M.C.L. § 600.5856, a statute of limitations is tolled when a complaint if

filed and the complaint and summons are served on the defendant. However, the Sixth

Circuit has held that "when there is a dismissal without prejudice, that action is not tolled for the time period in which it was pending." *DeMott v. UAW Int'l Union*, 2011 WL 824488, at *13 (E.D. Mich. 2011), citing *Howell v. General Motors Corp.*, 19 F. App'x 163, 166 (6th Cir.2001); *see also Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987)("It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending."). Plaintiff's previous action, as it applies to the present Defendants, was dismissed without prejudice based on Plaintiff's failure to exhaust his administrative remedies. Therefore, the statute of limitations on his § 1983 claims was not tolled during the pendency of that action.

The Sixth Circuit has also held that the statute of limitations in a § 1983 prisoner case is tolled during the time the plaintiff is exhausting his available state remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Therefore, if Plaintiff initiated the MDOC's grievance process before the statute of limitations expired against any of these Defendants, and completed that process, then the statute would be tolled pending completion of exhaustion.

In the previous case, the Court found that the Plaintiff had not exhausted his administrative remedies, and in fact the Plaintiff admitted as such. *See Complaint* in No. 14-12756, ¶ 13. Defendants Kornowski, McGuire, Potts, and Conrad were dismissed

without prejudice on September 25, 2013.  *Opinion and Order* in  No. 14-12756, Doc. #59.  The initial question is whether Plaintiff has met his burden of showing that he initiated any exhausted grievances before the expiration of the statutes of limitation, the latest date being August 9, 2016.[1]

In his response to this motion [Doc. #53], Plaintiff argues that the statute of limitations should be tolled based on three grievances, and in support refers to the grievance forms/exhibits that he filed with his complaint.  Plaintiff concedes, and the grievance forms show, that two of the grievances he relies on–ARF 16-09-2130-12b and ARF 16-08-1955-28e–were filed at Step I on September 6, 2016 and September 28, 2016, respectively.  Taking August 9, 2013 as the latest date of accrual, both post-date the August 9, 2016 expiration of the statute of limitations, and therefore cannot serve to retroactively toll the statute.

The third grievance on which Plaintiff relies is ARF 16-09-2112-12B.  Attached to his complaint is the Step I grievance form indicating that he signed it on August 31, 2016, and that it was received at Step I on September 12, 2016. This grievance too was initiated at Step I after the statute of limitations had expired.

---

[1] It is important to note that Defendants raise the affirmative defense of statute of limitations, not the affirmative defense of exhaustion. In the latter, Plaintiff would not have the burden of showing exhaustion or of submitting exhaustion documentation with his complaint. *Jones v. Bock*, 549 U.S. 199 (2007).  But where, as here, a defendant establishes a *prima facie* statute of limitations violation, a plaintiff does have a burden of producing evidence to show an exception to the statute, including tolling based on the pendency of a prison grievance.

Plaintiff has not met his burden of showing an exception to the statute of limitations on any of his claims or against any of these Defendants. Their motion for summary judgment should be granted.

I note that Defendants Dinsa, Kornowski, McGuire, King, Pomery, and Parke have not been served, and thus are not part of this motion. However, where a claim is frivolous, a court may *sua sponte* dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "[A] district court may, at any time, sua sponte, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, *devoid of merit*, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999)(emphasis added). See also *Higgins v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the claims against the unserved Defendants are, for the reasons discussed above, dismissible as time-barred. The claims are therefore "devoid of merit" and lack a basis in law. The Court should *sua sponte* dismiss these Defendants as well.

## IV.   CONCLUSION

I recommend that the Defendants' motion for summary judgment [Doc. #42] be GRANTED and that Defendants Potts, Horgan (a/k/a Lilley Conrad), Collier, Stanifer,

Holman, Spirko, Deland, Kline, Stamman, Chamberlain, Brown, Wallerstein, Okete, and Klee be DISMISSED WITH PREJUDICE.

I also recommend that the Court *sua sponte* DISMISS WITH PREJUDICE Defendants Dinsa, Kornowski, McGuire, King, Pomery, and Parke.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 2, 2018

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of
record on August 2, 2018, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen