UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,                                   No. 17-11196

v.                                           District Judge Mark A. Goldsmith
                                              Magistrate Judge R. Steven Whalen

SURJIT DINSA, ET AL.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On April 14, 2017, Plaintiff Morris Weatherspoon, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Eighth and Fourth Amendments, as well as a First Amendment retaliation claim. His principal complaint centers on the allegation that he was forcibly given anti-psychotic medications. Before the Court are his two motions for injunctive relief [Doc. #39 and Doc. #48], which have been referred for Reports and Recommendations under 28 U.S.C. § 636(b)(1)(B). I recommend that both motions be DENIED.

### I.   LEGAL PRINCIPLES RE: INJUNCTIVE RELIEF

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of

success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir.2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir.1997) (en banc ). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir.2000); *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir.1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739

(6th Cir.2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

## II.   DISCUSSION

In his motions, Plaintiff requests the following injunctive relief: (1) compel the MDOC to enroll Plaintiff in a "VPP Program;" expunge all misconduct reports; reduce his security level; enjoin MDOC personnel from issuing misconduct reports; and provide treatment for PTSD, including medical marijuana (!).

Looking at the first *Overstreet* factor–likelihood of success on the merits–I have filed a separate Report and Recommendation, recommending that this case be dismissed because it was filed beyond the three-year statute of limitations for § 1983 claims, and because the Plaintiff failed to establish entitlement to tolling.  Plaintiff has little if any likelihood of success on the merits.  In addition, the wrongs that Plaintiff alleges in his complaint occurred while he was housed at the Gus Harrison Facility. He has not been at that facility since 2013. A prisoner's claims for injunctive relief based on incidents occurring in one prison become moot once the prisoner is transferred to another prison. *Kensu v. Haight*, 87 F.3d 172, 175 (6th Cir.1996).

Plaintiff's complaint alleges that his principal issue–forced medication with anti-psychotic drugs–ceased in 2013.  In his motions for injunctive relief, he acknowledges that he is receiving medical, dental, and psychological treatment, but that he disagrees with the efficacy or necessity of that treatment.  This is not a case where the Plaintiff has

received no medical treatment, and to the extent that he argues that the Defendants have not been sufficiently attentive to his needs, or that the treatment has not been efficacious, he has stated no more than a personal disagreement with his doctors. He has not shown, beyond speculation, that he will be irreparably harmed if the Court does not grant injunctive relief. Injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir.2003).

As to the last two factors, the MDOC has an interest in promulgating and enforcing prison regulations, including reasonable rules involving prisoner health care and prison discipline. The public has an interest both in ensuring that prison inmates are afforded their constitutional rights, and also in having a well-regulated and operated prison system. As to Plaintiff's request to lower his security level and expunge misconduct convictions from his record, this Court is ill-equipped to micro-manage inmate discipline or second-guess decisions of prison personnel. See *Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir.2003) ("[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which we are ill equipped"). See also *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227 (1977) ("Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators.").

Plaintiff's motions for injunctive relief should be denied.

### III. CONCLUSION

I recommend that Plaintiff's motions to enforce injunctions [Doc. #39 and Doc. #48] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                       s/ R. Steven Whalen
                                       R. STEVEN WHALEN
                                       UNITED STATES MAGISTRATE JUDGE

Dated: August 2, 2018

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 2, 2018, electronically and/or by U.S. mail.

                                       s/Carolyn M. Ciesla
                                       Case Manager to the
                                       Honorable R. Steven Whalen